UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BARRY SMITH, a/k/a "Scar," )
et al., )
)
    Defendants. )
)
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Audio recordings of intercepted conversations obtained pursuant to Court Orders and video recordings obtained from the pole camera mounted outside the warehouse located at 550 NW 27th Avenue, Bay B-4, Fort Lauderdale, Florida, can be obtained by making arrangements with undersigned counsel. Specifically, these audio and video tapes are available for copying at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida. A master copy of the audio tapes and video tapes will remain at this location until July 21, 2000, at which time the master copy

        will be returned to the undersigned Assistant United States Attorney.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is available for copying until July 21, 2000 at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida.

3. No defendant testified before the Grand Jury.

4. The NCIC record of each defendant is available for copying until July 21, 2000 at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all parties.

        The documents, etc., which are available for copying at Global Financial Press, are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the cocaine (base) seized in connection with this case is available for copying until July 21, 2000 at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida.

B.    **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also

2

        made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

        The Government hereby discloses that on March 11, 1999, a confidential source of information purchased one kilogram of suspected cocaine from BARRY SMITH. It was later determined through laboratory analysis that the substance was "sham cocaine." Laboratory reports pertaining to this substance are available for copying at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise

(including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the court documents which have been made available for copying.

I.  The defendants are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance. Specifically, on April 30, 1999, the Honorable Wilkie D. Ferguson, Jr., authorized the interception of wire, stored wire and electronic communications occurring on the instrument located at 550 NW 27th Avenue, Bay B-4, Fort Lauderdale, Florida. On May 28, 1999, June 30, 1999 and July 29, 1999, the Court authorized the continued interception of such communications. On June 29, 1999, Judge Ferguson authorized the interception of wire, stored wire and electronic communications occurring on the Nextel cellular telephones utilized by BARRY SMITH and BERNARD SMITH. An Amended Order and Second Amended Order were entered by Judge Ferguson on June 30, 1999 and July 23, 1999. On July 29, 1999 and August 27, 1999, the Court authorized the continued interception of such communications. On September 3, 1999, Judge Ferguson authorized the interception of oral communications occurring on the premises located at 550 NW 27th Avenue, Bay B-4, Fort Lauderdale, Florida. No authorization was sought to continue the interception of such oral communications.

On June 16, 2000, Judge Ferguson unsealed each of the Applications, Affidavits and Orders in connection with the above-described interceptions. On June 19, 2000, the undersigned Assistant United States Attorney served on each counsel of record a diskette containing copies of the Government's Applications and Affidavits and the Court's Orders. A copy of each Application, Affidavit and Court Order is available for copying until July 21, 2000, at Global Financial Press, 500

4

|     | |
| --- | --- |
|     | East Broward Boulevard, First Floor, Fort Lauderdale, Florida. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample. |
|     | If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | Latent fingerprints on the newspaper packaging seized from Dwayne Campbell on March 23, 1999, have been identified by a government expert as belonging to Barry Smith. A lab report analyzing those fingerprints is available for copying until July 21, 2000, at Global Financial Press. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.  | At the discovery conference to be scheduled in |

5

Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The following is an index of the items which, pursuant to the Standing Discovery Order, have been made available for copying at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida:

1) Thirty-eight (38) transcripts of communications intercepted from Barry Smith's Nextel cellular telephone;

2) Twenty-three (23) transcripts of communications intercepted from Bernard Smith's Nextel cellular telephone;

3) Eighteen (18) transcripts of communications intercepted from the warehouse telephone;

4) One hundred thirty-five (135) video tapes;

5) Four boxes of line sheets from the intercepted communications;

6) Three boxes of audio tapes of intercepted communications consisting of:
   A) Box 1 - one hundred fifty-one (151) tapes;
   B) Box 2 - one hundred thirty-eight (138) tapes; and
   C) Box 3 - one hundred ninety-one (191) tapes.

7) Copies of the Government's Affidavits and Applications and the Court's Orders pertaining to the authorization to intercept communications;

8) NCIC reports for Barry Smith, Bernard Smith, Sam Jones, Elliot Aiken, Raymond Hicks, Asia Nelson, Earl Parker and Willie Walker; and

9) Miscellaneous reports and documents bearing Bates Number 00001-00336. Document No. 00336 consists of ninety-two (92) pages.

6

A master copy of the above-listed documents and tapes will be available for copying at Global Financial Press, 500 East Broward Boulevard, First Floor, Fort Lauderdale, Florida, until July 21, 2000, at which time the master copy will be returned to the undersigned Assistant United States Attorney. Please contact the undersigned Assistant United States Attorney if any pages or items are missing.

                                      Respectfully submitted,

                                      GUY A. LEWIS
                                      UNITED STATES ATTORNEY

By: _____
        THERESA M.B. VAN VLIET
        Assistant United States Attorney
        Florida Bar No. 374040
        KATHLEEN RICE
        Assistant United States Attorney
        Florida Bar No. 100765
        500 East Broward Boulevard
        Seventh Floor
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7255, ext. 3512
        Fax: (954) 356-7336

cc: Special Agent Andrew W. Thompson, FBI
    Special Agent Tom H. Harvey, Jr., FBI

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 30th day of June, 2000, to: Nathan Diamond, Esquire, 1221 Brickell Avenue, Suite 1020, Miami, Florida 33131-3258; Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335; Patrick Hunt, Esquire, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301; Martin A. Feigenbaum, Esquire, Museum Tower - Suite 1565, 150 West Flagler Street, Miami, Florida 33130; and Steven Kassner, Esquire, 815 Ponce de Leon Boulevard, Suite 303, Coral Gables, Florida 33134-3007.

KATHLEEN RICE
Assistant United States Attorney

8