UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
vs. )
)
WILLIE WALKER, )
)
      Defendant. )
_____)

### GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR ATTORNEY'S FEES PURSUANT TO THE HYDE AMENDMENT

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its response in opposition to the Defendant, Willie Walker's petition for attorney's fees pursuant to the Hyde Amendment and 18 U.S.C. § 3006A, and states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Willie Walker, with narcotics violations. Defendant Walker was charged in Counts One and Three of the indictment which counts alleged that the defendant conspired to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846, and conspired to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

2. On August 27, 2001, a jury trial commenced as to defendant Walker and five co-defendants. Codefendants Sam Jones and Earl Parker had previously plead guilty to charges in



the indictment and are awaiting sentencing by this Court. Codefendant Jones testified for the Government at trial.

3. On September 26, 2001, the jury returned a verdict of not guilty as to each one of the six defendants on trial.

4. On October 24, 2001, the defendant Willie Walker filed the instant Petition wherein he seeks attorney's fees and costs on the basis that the government's prosecution was frivolous under the Hyde Amendment.

5. The defendant's petition should be denied as the defendant cannot meet the rigorous standard imposed under the Hyde Amendment as he has not and cannot establish that the government's prosecution was vexatious, frivolous or in bad faith as required under Title 18, United States Code, Section 3006A.

## MEMORANDUM OF LAW

The Hyde Amendment allows for the recovery of a reasonable attorney's fee and litigation costs where a defendant in a criminal case establishes "that the position of the United States was vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.

Courts have interpreted the term "vexatious" to mean "without reasonable or probable cause or excuse." *See United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648

(1978) (describing "vexatious" conduct in the Title VII context as being "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith")).

The Eleventh Circuit in *Gilbert* described a "frivolous action" as one that is "[g]roundless ... with little prospect of success; often brought to embarrass or annoy the defendant." *Id.* at 1299. The court also defined the term "bad faith" to be "not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978) (defining bad faith in the law enforcement context to include "reckless disregard for the truth")).

Thus, under the Hyde Amendment, more is required of the defendant than simply proving that he prevailed at the pretrial, trial or appellate stages of the prosecution. Indeed, even a defendant whose motion for judgment of acquittal is granted must meet the stringent burden under the Hyde Amendment. *See United States v. Reyes*, 16 F.Supp.2d 759 (S.D. TX 1998). Rather, he "must show that the government's position underlying the prosecution amounts to prosecutorial misconduct--a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous." *Gilbert*, 198 F.3d at 1299. As the Court in *Gilbert* noted:

> **In prosecuting crime, government attorneys are entitled to be zealous advocates of the law on behalf of their client, the people of the United States . . . the original wording of [the Hyde Amendment] was modified during the legislative process in order to prevent it from having a chilling effect on legitimate prosecutions, even those which ultimately result in acquittals. Even in its earliest form, the Hyde Amendment was targeted at prosecutorial misconduct, not prosecutorial mistake. Representative Hyde spoke in terms of the**

> government "keep[ing] information from [the defendant] that the law says [the government] must disclose," " hid[ing] information," "not disclos [ing] exculpatory information," and "suborn[ing] perjury"--all clear examples of prosecutorial misconduct. 143 Cong. Rec. H7786-04, H7791 (Sept. 24, 1997). The changes to the amendment in the Conference Committee illustrate Congress' intent to limit its scope. **The substitution of the narrower language of "vexatious, frivolous, or in bad faith" in place of the broader language about lack of substantial justification, the removal of the phrase "without foundation," and the shifting of the burden of proof to the movant all show that Congress meant to sanction and deter prosecutorial misconduct, not prosecutorial zealousness per se.** See generally United States v. Ranger Electronic Communications, Inc., 22 F.Supp.2d 667 (W.D.Mich.1998) (holding that violation of Brady doctrine was example of bad faith justifying award of fees under the Hyde Amendment).

*Gilbert*, 198 F.3d at 1303-04 (emphasis supplied).

## DISCUSSION

The indictment in this case charged defendant Willie Walker and seven codefendants with conspiracy to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846. Defendant Walker was also charged in Count Three with conspiring with codefendant Barry Smith to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The prosecution was premised on wiretap conversations among various defendants and unindicted coconspirators, information obtained from a confidential source and cooperating witnesses and defendants and upon law enforcement surveillance. The evidence against defendant Willie Walker included wiretap conversations between Bernard Smith and Willie Walker, between Barry Smith and Willie Walker, and also between Barry and Bernard Smith. These conversations centered around efforts to give Barry Smith the appearance of having legitimate income through the trucking business. Interestingly, defendant Walker failed to address the merits of any of these conversations in his petition. In addition to the wiretap

evidence, there was also testimony by the confidential source which demonstrated Willie Walker's involvement in the drug conspiracy. While the defendant asserts that the source's testimony was not credible, one cannot ignore the fact that such testimony was corroborated in large part by the intercepted communications.

During trial, the Court twice denied the defendant's Rule 29 motions made after the government's case in chief and at the end of the entire case. That the Court determined, after hearing such evidence against the defendant and the defendant's own testimony, that there remained a question of fact for the jury and did not dismiss the government's case as baseless belies the defendant's claim that the government's prosecution was "vexatious, frivolous or in bad faith." *See Gilbert,* 198 F.3d at 1304 ("Once a district court judge accepts the government's legal position it will be extremely difficult to persuade us that the issue was not debatable among reasonable lawyers and jurists, i.e., that it was frivolous."). The government submits that the Court's decision to deny the Rule 29 motion at the close of all the evidence was made easier by the defendant's own testimony. Defendant Walker had no explanation for why there was a need to talk about Barry Smith getting "legitimate" income. He also contradicted testimony of Barry Smith and his own counsel's opening statement when he said that the money referenced in the July 23, 1999 telephone call was a loan. At no time during the call was the word "loan" used - rather, Barry Smith simply asked for a check for 9-something. If the prosecution was so vexatious, frivolous and in bad faith, then why was there not a clear and consistent explanation offered for the telephone call?

In his petition for fees, defendant Walker erroneously claims that Special Agent Andrew Thompson testified at trial that on July 18, 1999, there was a telephone call that defendant

Walker had spotted the surveillance. In fact, the testimony at trial was that there was an interception about the police, but that that call actually concerned one of the Smith brothers being chased by the police in an unrelated matter. Because of that call, however, law enforcement pulled off the surveillance of defendant Walker because the initial context of the call was unclear. In short, no telephone call regarding defendant Walker "making" the surveillance was played because there was none; this is entirely consistent with Special Agent Thompson's trial testimony.

The defendant asserts that the government indicted him "based on [a] reckless disregard for the truth." This statement has its origin in the interception on July 23, 1999 between defendant Walker and codefendant Barry Smith. In this telephone call, Barry Smith asked his uncle to send him a check for "nine-something." Defendant Walker claims that because there was a check for $965 produced during trial by the defense that exculpates the defendant from any liability regarding that conversation. This assertion is simply incorrect. First, as was noted during trial, a Federal Grand Jury subpoena was served upon L&W Trucking in Spring 2000 seeking "any and all records pertaining to Barry Smith and/or Bernard Smith." Notwithstanding this subpoena, the check which was ostensibly the subject of the July 23, 1999 call was not produced until during trial (along with multiple records and other checks that should have been produced in response to the subpoena). Regardless of the amount of the check, however, the government's position remains the same: the July 23, 1999 interception concerned an effort by Willie Walker and Barry Smith to launder drug proceeds. As defense counsel well knows, there is no minimum threshold amount for money laundering - thus, whether the check was for $965 or $9,650 is immaterial; it is the conduct, not the amount that is relevant. Further, if the call was as

innocent as the defendant is trying to say, then why were so many counter-explanations offered by Walker and his counsel and by Barry Smith and his counsel? (As the Court may recall, during trial, counsel for defendant Barry Smith repeatedly implied that the call related to Barry Smith getting a check in exchange for cash which Coca-Cola had given him for payment. The testimony, however, revealed that Coca-Cola does not pay drivers in cash. Another explanation was that Barry Smith was trying to show income, and rather than have Bernard Smith write him a check, he asked Willie Walker to send one over from Fort Myers. The final explanation was that the check was a loan. Which answer was given apparently depended on which defendant was testifying.)

## CONCLUSION

The prosecution in this case was not successful. The verdict in and of itself, however, is an insufficient basis for an award of attorney's fees under the Hyde Amendment. It is the defendant's burden to prove that the government's prosecution was "vexatious, frivolous or in bad faith." While the jury ultimately disagreed with the government's interpretation of the testimony and evidence, clearly there was sufficient probative evidence that compelled the Court to twice deny Rule 29 motions. As noted above, the Hyde Amendment was implemented to address the situation where the "government's position underlying the prosecution amounts to prosecutorial misconduct." The defendant simply has not and cannot meet his burden of proving such misconduct in this case and indeed, ignored any discussion of this burden in his petition. The government's prosecution was neither frivolous nor vexatious and was at all times made in good faith.

WHEREFORE, the government respectfully requests that the defendant, Willie Walker's

petition for attorney's fees pursuant to the Hyde Amendment and 18 U.S.C. § 3006A be denied in its entirety.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5th day of November, 2001, to: Vincent J. Flynn, Esquire, 1221 Brickell Avenue, Suite 1020, Miami, Florida 33131.

*[signature]*
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY