UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-SEITZ/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIE WALKER,

    Defendant.
_____/



### ORDER

THIS CAUSE came before the Court on Movant Willie Walker's Petition for Attorney's Fees Pursuant to The Hyde Amendment and 18 U.S.C. § 3006A (D.E. 308 ) filed on October 26, 2001. On March 2, 2004, this motion was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Patricia A. Seitz for appropriate resolution pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida. Accordingly, the undersigned has reviewed this motion, the response and reply thereto, the court file and applicable law. Based on this review, it is hereby

ORDERED AND ADJUDGED that Movant Willie Walker's Petition for Attorney's Fees Pursuant to The Hyde Amendment and 18 U.S.C. § 3006A is DENIED.

### BACKGROUND

On June 15, 2000, a five count indictment was returned by a federal grand jury in this District charging eight individuals including Willie Walker ("movant") with various narcotics violations. Specifically, Walker was charged with conspiracy to possess with

intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count I) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

On August 27, 2001, a jury trial commenced as to Walker and five co-defendants. Co-defendants Sam Jones and Earl Parker had previously pled guilty to certain charges in the indictments. Co-defendant Jones testified on behalf of the government at trial.

Following a lengthy trial, the jury returned a verdict on September 26, 2001, finding Walker and his five co-defendants not guilty of the charged offenses.

On October 26, 2001, Walker filed the instant petition seeking attorney's fees and other litigation expenses on the ground that the government's prosecution of him was vexatious, frivolous and/or in bad faith.

## ANALYSIS

Movant, Willie Walker, seeks reimbursement for his attorney's fees and other litigation expenses incurred in defense of this action pursuant to the Hyde Amendment, 18 U.S.C. §3006A. The Hyde Amendment provides, in relevant part, that:

> the court, in any criminal case . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless such circumstances make such an award unjust.

18 U.S.C. §3006A. The Eleventh Circuit Court of Appeals in United States v. Gilbert, 198 F.3d 1293, 1302-03 (11th Cir. 1999), defined vexatious as "without reasonable or probable cause". Id. at 1298. The Eleventh Circuit explained that a frivolous action as one that is "groundless. . . with little prospect of success; often brought to embarrass or annoy the defendant." Id. at 1299. Finally, the Gilbert court interpreted bad faith as "not simply bad

judgment or negligence, but rather it implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity..." Id. The Eleventh Circuit found this standard to be a "daunting obstacle before defendants who seek to obtain attorney's fees and costs from the government following a successful defense of criminal charges." Id.

Applying this standard here, the Court finds that although Walker prevailed at trial, the government's prosecution of him was not vexatious, frivolous or in bad faith so as to warrant Walker's claim for attorney's fees and costs. In so finding, the Court first notes that Walker's two Rule 29 Motions for Judgment of Acquittal were denied thereby indicating that questions of fact existed for the jury after the presentation of the government's case, as well as at the conclusion of the trial. The existence of such factual questions demonstrates that the prosecution of this case was not frivolous. See Gilbert, 198 F.3d at 1304 ("Once a district court judge accepts the government's legal position it will be extremely difficult to persuade us that the issue was not debatable among reasonable lawyers and jurists, i.e., that it was frivolous."). Indeed, wiretap evidence and testimony from a confidential source suggested that Walker discussed the transportation of cocaine and money laundering with two co-defendants, his nephews. The government maintained that these conversations showed Walker's efforts to portray the appearance of a legitimate trucking business through which legitimate income was derived. While this evidence was ultimately insufficient to convince the jury of Walker's guilt beyond a reasonable doubt, the facts presented to the grand jury, at trial, and in the instant petition are sufficient to demonstrate probable cause to prosecute this case. The Court further finds no evidence of bad faith on the part of the government. While the

government's interpretation of Walker's statements on the wiretap and to the confidential source were subject to various interpretations, it cannot be shown that its position was akin to a "conscious . . . wrong because of dishonest purpose or moral obliquity. Gilbert, 198 F.2d at 1299.

Accordingly, the Court finds that the prosecution of this case was not vexatious or frivolous. Therefore, Willie Walker's Petition for Attorney's Fees Pursuant to The Hyde Amendment and 18 U.S.C. § 3006A is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 18th day of March, 2004.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Patricia A. Seitz
Counsel of record